UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| ISAIAH Q.N. BUTLER, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | 1:25-cv-00274-LEW |
| | ) | |
| KENNEBEC COUNTY, et al., | ) | |
| | ) | |
| Defendants | ) | |

### RECOMMENDED DECISION AFTER REVIEW OF PLAINTIFF'S COMPLAINT

Plaintiff, who is in custody at the Kennebec County Correctional Facility, filed a complaint regarding the circumstances of his arrest and the related state criminal charges.[1] (Complaint, ECF No. 1.)

In addition to his complaint, Plaintiff filed a motion to proceed without prepayment of fees and costs (ECF No. 2), which motion the Court granted. (Order, ECF No. 3.) In accordance with the governing statute, a preliminary review of Plaintiff's complaint is appropriate. 28 U.S.C. § 1915(e)(2). Additionally, Plaintiff's complaint is subject to screening "before docketing, if feasible or … as soon as practicable after docketing," because he is "a prisoner seek[ing] redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a).

---

[1] Plaintiff lists "all positions cops, C.O.s, judges, P.O.," Kennebec County Jail, August Police Department, Gardiner Police Department, Maine, Marshall McCamish, Officer Michael Caputo, Officer Troy Worster, Colin Kinney, Desmond Nutter, Connor Herrold, Maeghan Maloney, and Shannon Flaherty. (Complaint at 2–3.)

Following a review of Plaintiff's complaint, I recommend the Court dismiss Plaintiff's complaint.

## FACTUAL BACKGROUND

Plaintiff alleges that on December 31, 2024, he was drinking alcohol at a bar with another person. (Attachment to Complaint at 1, ECF No. 1-1.) Plaintiff reports that he consumed a total of seven alcoholic drinks, which included four "shots." (*Id.*) Plaintiff asserts that he damaged a window of a woman's car. (*Id.*).

Plaintiff further asserts that when he was at home later, his sister called the police on him "for no reason" and then assaulted him. (*Id.* at 2.) Plaintiff alleges that he also called the police. (*Id.*). When two officers arrived, Plaintiff refused medical treatment and then was told to leave the area because he was trespassing. (*Id.*). At that point, he yelled at one of the officers (Officer Worster), who then "grabbed" him. (*Id.*).

Plaintiff alleges that in his state court criminal case, he has been denied *Brady* material, has yet to speak with a probation officer or physically be in court, and has received insufficient discovery. (*Id.* at 3.)

## LEGAL STANDARD

28 U.S.C. § 1915 is designed to ensure meaningful access to the federal courts for individuals unable to pay the cost of bringing an action. When a party is proceeding pursuant to the statute, however, "the court shall dismiss the case at any time if the court determines," inter alia, that the action is "frivolous or malicious" or "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B). "Dismissals [under § 1915] are often made sua sponte prior to the issuance of process, so as to spare prospective

2

defendants the inconvenience and expense of answering such complaints." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

In addition to the review contemplated by § 1915, Plaintiff's complaint is subject to screening under the Prison Litigation Reform Act because Plaintiff currently is incarcerated and seeks redress from governmental entities and officers. *See* 28 U.S.C. § 1915A(a), (c). The § 1915A screening requires courts to "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim …; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

When considering whether a complaint states a claim for which relief may be granted, courts must assume the truth of all well-plead facts and give the plaintiff the benefit of all reasonable inferences therefrom. *Ocasio-Hernandez v. Fortuno-Burset*, 640 F.3d 1, 12 (1st Cir. 2011). A complaint fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007). "A self-represented plaintiff is not exempt from this framework, but the court must construe his complaint 'liberally' and hold it 'to less stringent standards than formal pleadings drafted by lawyers.'" *Waterman v. White Interior Sols.*, No. 2:19-cv-00032-JDL, 2019 WL 5764661, at *2 (D. Me. Nov. 5, 2019) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). "This is not to say that pro se plaintiffs are not required to plead basic facts sufficient to state a claim." *Ferranti v. Moran*, 618 F.2d 888, 890 (1st Cir. 1980).

**DISCUSSION**

Plaintiff has not alleged any facts against and, therefore, has not alleged an actionable claim against most of the individuals named as defendants: Marshall McCamish, Desmond Nutter, Connor Herrold, Maeghan Maloney, Shannon Flaherty, and the defendants identified only by their title (e.g., police officers, probation offers, etc.). Furthermore, Plaintiff's allegations regarding Defendants Caputo and Worster would not support a finding that Defendants violated a federal right and, therefore, Plaintiff has not alleged an actionable claim against them.[2]

To the extent Plaintiff seeks to state a claim against Kennebec County Jail, the Augusta Police Department, and the Gardiner Police Department, the claims would be against Kennebec County and the municipalities of Augusta and Gardiner. *See Henschel v. Worcester Police Dept.*, 445 F.2d 624, 624 (1st Cir. 1971) (dismissing § 1983 claim against police department because it was not suable entity apart from the municipality). For a municipality to be liable for a constitutional deprivation, the plaintiff must "identify a municipal 'policy' or 'custom' that caused the plaintiff's injury." *Bd. of Cty. Comm'rs v. Brown,* 520 U.S. 397, 403 (1997). Plaintiff has not alleged the existence of a policy or custom that would serve as a basis for the liability of Kennebec County or the municipalities of Augusta and Gardiner.

---

[2] To the extent Plaintiff would contend that his assertion that Defendant Worster "grabbed" him supports an excessive force claim, Plaintiff's argument would fail. A mere allegation that an officer "grabbed" an individual does not support a reasonable inference that the officer used excessive force.

4

Finally, even if Plaintiff's complaint could be construed to allege a claim against a defendant based on Plaintiff's allegations regarding the state court criminal proceedings, Plaintiff cannot proceed on the claim in this court. The Supreme Court's decision *Younger v. Harris*, 401 U.S. 37 (1971) supports abstention from the exercise of jurisdiction when a petitioner seeks relief in federal court from ongoing state criminal proceedings. *See Sprint Communications, Inc. v. Jacobs*, 571 U.S. 69, 78 (2013) (noting that *Younger* "preclude[s] federal intrusion into ongoing state criminal prosecutions"); *In re Justices of Superior Court Dept. of Mass. Trial Court*, 218 F.3d 11, 16 (1st Cir. 2000) ("The federal courts have long recognized the 'fundamental policy against federal interference with state criminal proceedings.'" (quoting *Younger*, 401 U.S. at 46)). Under *Younger*, federal courts must abstain from interfering in state court proceedings "when the moving party has an adequate remedy at law and will not suffer irreparable injury if denied equitable relief." 401 U.S. at 43-44.

The elements of mandatory abstention consist of the following: "(1) the [state] proceedings are judicial (as opposed to legislative) in nature; (2) they implicate important state interests; and (3) they provide an adequate opportunity to raise federal constitutional challenges." *Bettencourt v. Bd. of Registration in Med. of Commonwealth of Mass.*, 904 F.2d 772, 777 (1st Cir. 1990). The state criminal proceeding referenced in Plaintiff's complaint is judicial in nature, implicates important state interests associated with the State's administration of its laws, and affords Plaintiff an adequate opportunity to raise federal constitutional challenges. Abstention, therefore, is appropriate.

## CONCLUSION

Based on the foregoing analysis, after a review of Plaintiff's complaint pursuant to 28 U.S.C. §§ 1915 and 1915A, I recommend the Court dismiss Plaintiff's complaint.

## **NOTICE**

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison  
U.S. Magistrate Judge

Dated this 1st day of July, 2025.