UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| ISAIAH QN BUTLER, | ) |
| | ) |
|    Plaintiff | ) |
| | ) |
| v. | )   1:25-cv-00274-LEW |
| | ) |
| KENNEBEC COUNTY, et al., | ) |
| | ) |
|    Defendants | ) |

## SUPPLEMENTAL RECOMMENDED DECISION

After a review of Plaintiff's complaint in accordance with 28 U.S.C. §§ 1915 and 1915A, I recommended that the Court dismiss the matter. (Recommended Decision, ECF No. 6.) Plaintiff subsequently filed an amended complaint and various attachments. (Amended Complaint, ECF No. 12; Attachments, ECF Nos. 13, 15; Correspondence, ECF No. 14.) Plaintiff's filings do not adequately address the concerns identified in the Recommended Decision. Indeed, Plaintiff's most recent filings demonstrate that Plaintiff's challenge or objection to aspects of his state court criminal proceeding is the gravamen of his claim. As explained in the Recommended Decision:

> The Supreme Court's decision *Younger v. Harris*, 401 U.S. 37 (1971) supports abstention from the exercise of jurisdiction when a petitioner seeks relief in federal court from ongoing state criminal proceedings. *See Sprint Communications, Inc. v. Jacobs*, 571 U.S. 69, 78 (2013) (noting that *Younger* "preclude[s] federal intrusion into ongoing state criminal prosecutions"); *In re Justices of Superior Court Dept. of Mass. Trial Court*, 218 F.3d 11, 16 (1st Cir. 2000) ("The federal courts have long recognized the 'fundamental policy against federal interference with state criminal proceedings.'" (quoting *Younger*, 401 U.S. at 46)).

(Recommended Decision at 5.)

In short, after review of Plaintiff's amended complaint and related filings, for the reasons stated in the Recommended Decision, I recommend the Court dismiss Plaintiff's complaint, as amended.

## **NOTICE**

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 4th day of September, 2025.